**STATE of Minnesota, Respondent,**

v.

**Alfred J. SUFKA, Appellant.**

**No. C9–84–698.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Sp. Asst. Atty. Gen., Rebecca H. Hamblin, Law Clerk, St. Paul, Richard T. Jessen, Benton County Atty., Foley, for respondent.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

### SUMMARY OPINION

HUSPENI, Judge.

### FACTS

Alfred and Linda Sufka hired a 15-year old girl on June 30, 1983, as a live-in babysitter and housekeeper for the summer. According to the testimony of the babysitter, appellant Alfred Sufka began touching her by pinching and slapping her on her behind. This type of harassment continued throughout the week that she stayed at the Sufkas' home. The complainant testified that on July 5, 1983, Sufka grabbed her between the legs, and she had to hit him with a book to make him stop. Later that evening, Sufka grabbed her breast, and told her he wanted to carry her to bed.

On July 8, 1983, Sufka told complainant he wanted to see her breasts. Complainant testified this was the second or third time he had made such a request. Later that day, complainant called her brother-in-law and told him of the incidents at the Sufka residence. The brother-in-law told her not

to return to the home. Complainant went to a girlfriend's house for the night. She told her parents that weekend that Sufka was making passes at her.

Jerry O'Driscoll, Chief of Police of the Sartell Police Department, investigated the charges the complainant made against Sufka. He described Sufka as "very defensive" about the charges. When O'Driscoll first told Sufka that he would like to talk to him about his babysitter, Sufka immediately said, "She can't pin anything on me; I wasn't there when it happened."

At trial, the complainant, her brother-in-law, a Sartell police officer, and Officer O'Driscoll testified. Sufka and his wife testified on Sufka's behalf. He denied all of the allegations of any wrongdoing. The jury convicted Sufka of criminal sexual conduct in the fourth degree in violation of Minn.Stat. § 609.345(b) (Supp.1983).

### DECISION

Sufka contends the evidence was insufficient to sustain his conviction. This argument is meritless. The testimony of the complainant and other State's witnesses was sufficient to convict appellant of criminal sexual conduct in the fourth degree.

Affirmed.